# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### SOUTHERN DIVISION

## QUESTIONNAIRE FOR THE PRISONERS PROCEEDING
## PRO SE UNDER 42 U.S.C. § 1983

Corey Quinn Burke
(1512298)

_____

**(GIVE FULL NAME AND PRISON NUMBER OF PLAINTIFF)**

**Plaintiff**

**vs.**

Sheriff John T Wilcher,
Counselor B-Kirkland,
Melissa S Kohne,
Counselor P-Gordon

**(NAME OF EACH DEFENDANT)** See pg1A

**Defendant(s)**

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2017 MAY 31 AM 9: 21
CLERK
SO. DIST. OF GA.

**CIVIL ACTION NO:**

4:17cv98-WTM

## I. GENERAL INFORMATION

1. Your full name **and** prison number Corey Quinn Burke (1512298)
2. Name and location of prison where you are **now** confined Chatham County, see attachment
3. Sentence you are now serving (how long?) NONE (Detainee)

   (a) What were you convicted of? N/A

   (b) Name and location of court which imposed sentence N/A

   (c) When was sentence imposed? N/A

   (d) Did you appeal your sentence and/or conviction? Yes ☐ No ☒

   (e) What was the result of your appeal? N/A

pg 1

# Defendants

1. John T. Wilcher
2. Melissa S. Kohne
3. P. Gordon
4. B. Lang
5. T. Freeseman
6. Corporal Conyers
7. Corporal Rucker
8. Board of Commissioners
9. Mr. PayTel
10. Brian Counihan
11. B. Kirkland
12. Sergeant Hall

## <u>Inmate</u>   <u>Address</u>

② Chatham County Jail
  1050 Carl Griffin Drive
  Savannah, Ga 31405
  UNIT 6A-#1

**(f) Approximate date your sentence will be completed** _____N/A_____

## II. PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

**4. Other than an appeal of your conviction or sentence, and other than any habeas action, have you filed a lawsuit dealing with the same or similar facts or issues that are involved in this action?**

Yes ☐ No ☒

**5. If your answer to question 4 is "Yes," list that lawsuit below, giving the following information:**

(IF YOU HAVE FILED MORE THAN ONE LAWSUIT, LIST OTHER LAWSUITS ON A SEPARATE SHEET OF PAPER, GIVING THE SAME INFORMATION FOR EACH)

**(a) Parties to the previous lawsuit INVOLVING SAME FACTS:**

Plaintiff(s): _____

Defendant(s): _____N/A_____

**(b) Name of Court:** _____N/A_____

**(c) Docket Number:** ___N/A___ **When did you file this lawsuit?** ___N/A___

**(d) Name of judge assigned to case:** _____N/A_____

**(e) Is this case still pending?** Yes ☐ No ☒

**(f) If your answer to (e) is "No", when was it disposed of and what were the results?**

(DID YOU WIN? WAS THE CASE DISMISSED? DID YOU APPEAL?)

_____N/A_____

**6. Other than an appeal of your conviction or sentence, and other than any habeas action, have you ever filed any lawsuit while incarcerated or detained?** Yes ☐ No ☒

**7. If your answer to question 6 is "Yes," list that lawsuit below, giving the following information:**

(IF YOU HAVE FILED MORE THAN ONE LAWSUIT, LIST OTHER LAWSUITS ON A SEPARATE SHEET OF PAPER, GIVING THE SAME INFORMATION FOR EACH)

**(a) Parties to the previous lawsuit:**

Plaintiff(s): _____

Defendant(s): _____N/A_____

**(b) Name of Court:** _____N/A_____

**(c) Docket Number:** ___N/A___ **When did you file this lawsuit?** ___N/A___

**(d) Name of judge assigned to case:** _____N/A_____

**(e) Is this case still pending?** Yes ☐ No ☒

**(f)    If your answer to (e) is "No", when was it disposed of and what were the results?**
(DID YOU WIN? WAS THE CASE DISMISSED? DID YOU APPEAL?)

_N/A_

**8. AS TO <u>ANY</u> LAWSUIT FILED IN <u>ANY</u> FEDERAL COURT in which you were permitted to proceed _in forma pauperis_, was any suit dismissed on the ground that it was frivolous, malicious, or failed to state a claim?**     Yes ☐     No ☒

If your answer is Yes, state the name of the court and docket number as to each case:

_N/A_                         _N/A_

## III. PLACE OF INCIDENT COMPLAINED ABOUT

**9. Where did the matters you complain about in this lawsuit take place?** _Chatham County Jail Unit 6A_

(a) Does this institution have a grievance procedure?     Yes ☒     No ☐

(b) If your answer to question 9(a) is "Yes", answer the following:

(1) Did you present your complaint(s) herein to the institution as a grievance?
Yes ☒     No ☐

(2) If Yes, what was the result? _Concerning Law Library no response, has stayed on appeal since 3/8/17, rejected in words, but appealed 3/8/17. Submitted grievance 3/8/17 concerning concerning phone ->_

(3) If No, explain why not: _____

P93

Cont'd from pg 3

only being able to make collect calls.
Ⓐ Grievance rejected by defendant 3/9/17
Ⓑ Closed out 3/9/17 couldn't appeal
4/4/17
② Submitted another grievance to defendant about collect
only telephone calls.
Ⓐ Rejected/closed out on 4/5/17

## V. STATEMENT OF CLAIM

**13.** In the space hereafter provided, and on separate sheets of paper if necessary, set forth your claims and contentions against the defendant(s) you have named herein. Tell the court **WHAT** you contend happened to you, **WHEN** the incident(s) you complain about occurred, **WHERE** the incident(s) took place, **HOW** your constitutional rights were violated, and **WHO** violated them? Describe how **each** defendant was involved, including the names of other persons who were also involved. If you have more than one claim, number and set forth each claim SEPARATELY.

DO NOT GIVE ANY LEGAL ARGUMENT OR CIT ANY CASES OR STATUTES AT THIS TIME; if such is needed at a later time, the court will advise you of this and will afford you sufficient time to make such arguments. KEEP IN MIND THAT RULES 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE **REQUIRES** THAT PLEADINGS BE **SIMPLE**, **CONCISE**, and **DIRECT**! If the court needs additional information from you, you will be notified.

**WHERE did the incident you are complaining about occur? That is, at what institution or institutions?** Chatham County Jail Savannah, Ga 31405

**WHEN do you allege this incident took place?** 2/20/17 - Present

**WHAT happened?** After realizing the environment and Jail policies I noticed I wasn't able to call the public defenders office because they don't accept collect or debit calls from Chatham county jail. Prison policy states any correspondance to attorneys must be in writing. After a few days of trying different avenues talking to jail officers, corporals, sergeants, and lieutenants, I started making inquiries to my unit couselor. I was told by the counselor if I have an attorney I am not entitled to legal research cases, or copies. I in turn read the inmate hand book to get more information. I submitted another inquiry to counselor Gordon and counselor Long and got the same results - write my attorney. I also corresponded with law library

① 

See Complaint w/ Jury Demand attached to this section.

Pg5

Clerk B. Kirkland citing amendment rights. I also let her know my situation of writing my attorney on several occasions and failed to get a response or visit. I talked to my unit corporal Todd about my concerns and he told me to put it on the unit wing kiosk. The unit kiosks is where inmates make commissary orders, file grievances, medical requests, general inquiries (eg jail functions, records, property, cashier (handle inmate accounts), program requests etc. I talked to Lieutenant O'Berry concerning my issues about having no contact with my attorney he said he would see what he could do. I asked Lt O'Berry, Cpl Todd, Cpl Rucker, Cpl Conyers, Sgt hall, officer Mccollough, officer Bell, officer Burch, officer Mortly, etc. All officers directed me to their superiors. I finally decided to do a first grievance (phone grievance) complaining about not being able to contact my attorney by phone. Mr. Paytel is the jail pro phone providers site manager who has an office at the jail (CC). He instructed me to talk to my unit counselor or/and Lieutenant about making a legal call. The inmate handbook provided me information stating under certain circumstances. legal calls would be given by social services which would be the unit counselors. After relaying the information I found out I still recieved the runaround from Mrs. P Gordon saying I must write my

P95

attorney. My phone grievance was rejected but no reason for the rejection was given. Grievance procedure states 5 business days (excluding weekends and holidays). I have grievances that have been stuck on appeal status. I've talked to Cpl. Conyers, Cpl. Todd, and Cpl. Rucker about my grievances which they said would be handled but never did. I tried talking to Lt. OBerry who also said he would look into my matters but never has. Mrs. B Kirkland responded to my grievances also stating policy requires that detainees with legal representation must make requests to attorneys and also said the law library was a privilege. I appealed and recieved no response. I wrote a letter to jail administrator and sheriff expressing my concerns and recieved no response. On 3 different occasions I had letters hand delivered to administration by Lt. OBerry. Still have never recieved any response other than just shutting my mouth and getting with the program. I submitted two phone grievances and two programs grievances. I also submitted a single grievance on 4/29/17 and on this day 5/3/17 still haven't recieved any responses. I'm being completely ignored by jail personnel and officers. Til this day no Lt, Cpl, or sgt. corresponds with me concerning my dilemma of trying to get information about my legal situation or

helping me get in contact with my attorney. Also, after to corresponding with jail phone service guy in my first grievance stated changes could be made but only at the request of CCJ's administrator. Which prompted me to writing letter enclosed in this complaint. I feel I have exhausted all remedies concerning my legal calls to consult with counsel and in trying to obtain legal research for my criminal cases. My claims are also those of other detainees who share the same concern and problems with lack of legal representation and no access to criminal law books, cases, or law library. After not only myself writing to the public defenders office other inmates have as well. On numerous occasions I have wrote and recieved no response from my public defender or designee. Going two (2) months with/out hearing from my attorney is a great hardship on not only myself but inmates past, present and future of chatham county jail. Being denied access to law library with combination of unsuccessfully getting in contact with my attorney is violating my First and Sixth Amendment right of the Constitution.

**(c)** What, if anything else, did you do or attempt to do to bring your complaint(s) to the attention of prison officials? Give dates and places and the names of persons talked to.

See attachments - ~~Copies~~ Counselor Requests and Prison Personnel

**(d)** Did you appeal any denial of your grievance to the highest level possible in the prison system?   Yes ☒   No ☐

    **(1)** If Yes, to whom did you appeal and what was the result? To (CC) (Chatham County Jail) administrater and jail Sheriff - See Attached letter

    **(2)** If No, explain why you did not appeal: _____

**10.** In what other institutions have been confined? Give dates of entry and exit.

Extradicted from Deleware. ① Central Violation of Probation ② James T Vaughn Correctional facility, ③ Howard R Young Correctional facility

See Attachment (Institution Confinement)

### IV. PARTIES TO THIS LAWSUIT

**11.** List your CURRENT place of incarceration/mailing address.

Chatham County Jail
1050 Carl Griffin Drive
Savannah, Georgia, 31405

**12.** List the full name, the official position, and the place of employment of each defendant in this lawsuit. (ATTACH ADDITIONAL PAGES IF NECESSARY)

See attachments (Defendants) & Parties 1-11

Amended To "Counselor
Requests"

① 3/8/17 - B. Kirkland (defendant) rejected grievance concerning legal cases e.g. case law and forms. She said there was no violation because access to courts is granted through inmates attorneys. Defendant referred plaintiff to inmate handbook for access to courts. (pg 13) states; "Inmates access to courts is granted through their attorney. Pre-trial release personnel are available Monday - Friday to assist inmates with ~~obtai~~ obtaining counsel."

② 3/8/17 - Plaintiff also submitted phone grievance
    - Plaintiff also submitted programs grievance concerning legal work and cases. Also, requested legal forms for civil matters was rejected too.

③ 3/9/17 - Plaintiff appealed programs grievance
    - Phone grievance was rejected
    - Phone grievance closed out; couldn't appeal

④ 3/13/17 - Plaintiff recieved a response from programs B - Kirkland (defendant) saying, "Inmates with legal representation must make requests for legal research and copies through attorney

4C →

⑤ 3/15/17 – Plaintiff submitted programs grievance concerning no legal assistance when plaintiff has stated numerous times that attorney isn't responding to any correspondence.

⑥ 3/16/17 – Defendant (B-Kirkland) rejected grievance saying the law library is a privilege and that if plaintiff needs civil forms or cases for research to obtain them from the administration office of the courts from facility in which inmate is incarcerated.

⑦ 3/16/17 – Plaintiff appeals B-Kirkland's decision and hasn't heard anything since 3/16/17 regarding said problem.

⑧ 4/4/17 – Plaintiff submitted another phone grievance regarding legal calls. Mr. Pay-Tel has an office at Chatham County Jail and is an employee of Pay-Tel Communications which is the phone service provider for inmates.

⑨ 4/5/17 – Plaintiffs grievance was rejected again saying to have attorney's office contact the jail to have the phone company add the Lawyers

office number added to a free call list. Plaintiff was also instructed by Mr. Pay-Tel to have Public Defenders office request for reimbursement in order to recieve collect calls from Chatham County Jail.

⭐
⑨ 3/27/17 - Plaintiff submitted letter to jail administration concerning problem of not being able to sufficiently reach attorneys office or attorney. Plaintiff also sub-mitted same letter to jail Sheriff that was signed and dated by Unit 6 Lieutenant O'Berry.

⭐
10  top of timeline in march references

4C

# Counselor Requests

(11) 4/4/17 – "Plaintiff asked defendant for print out of grievances concerning relevant legal issues

(12) 4/5/17 – (Ms. P Gordon) defendant responded saying, "~~to~~ Plaintiff needs to address issue with unit staff".

(13) 4/11/17 – Plaintiff inquired to (Ms. P Gordon) defendant in reference of getting a legal call to public defenders office.

(14) 4/11/17 – (Ms. P Gordon) responded saying legal calls aren't permitted and to write my attorney

(15) 4/11/17 – Plaintiff informed counselor that plaintiff wasn't recieving any responses from writing attorney

(16) 4/12/17 – (Ms. B Lang) defendant asked what plaintiff was trying to do.

(17) 4/14/17 Plaintiff responded explaining situation concerning no law ~~librato~~ library, no contact with attorney, questions for lawyer plaintiff needed to ask concerning criminal case. ~~Stresed legal call.~~

Pg 4C →

<u>Con't</u>

(18) <u>4/18/17</u> (Ms B Gordon) defendant responded again saying to write my attorney; no legal calls are provided. Defendant referenced attorney's supervisor and was told to write yet again.

(19) <u>4/18/17</u> Plaintiff responded saying he's wrote numerous times and writing is ineffective. Imperative that plaintiff get in contact with attorney.

(20) <u>4/19/17</u> (Ms B Lang) defendant instructed plaintiff to write his attorney with more emphasis provided through words.

(21) <u>4/19/17</u> Plaintiff again submitted request for legal call citing First and Sixth Amendment and citing Inmate handbook where it says legal calls are provided in emergency cases.

(22) <u>4/21/17</u> (Ms B Lang) defendant again instructed plaintiff to write attorney at public defenders office supervisor concerning ineffective assistance.

(23) 4/24/17 Plaintiff requested legal copies, forms, and case law was denied by defendant B. Lang

P94C

# <u>Prison</u> <u>Personnel</u>

① On 4/18/17 plaintiff spoke to Corporal Todd about furthering inquiry's concerning jail legal calls. Cpl. Todd (witness) gave plaintiff two paper request forms. (see attached Inmate Request Forms)

② On 4/18/17 Officer Sheilly (witness) was informed by plaintiff that request forms need to be copied for own records.

③ On 4/18/17 next shift, plaintiff brought to the attention of Coropal Rucker of events on prior shift. Cpl. Rucker said my issue is unimportant talk to Cpl. Todd. Cpl. Rucker refused to copy forms or to file them as is the procedure for request forms.

④ On 4/19/17 Sgt. Hall and plaintiff discussed the forms in which plaintiff recieved from Cpl. Todd. Sgt. Hall stated he didn't give plaintiff forms and that its Cpl. Todd's responsibility to file forms. Requested to see Lieutenant.

⑤ On 4/20/17 Corporal Withem to plaintiffs request forms and passed them to unit Lieutenant OBerry, who took request forms to jail sheriff and administrator. Cpl. Withem also told plaintiff counselors are supposed to provide legal

legal calls, to inmates.

⑥ On 4/23/17 plaintiff spoke to Lt. OBerry about grievances dated back as for as 2/20/17. Also, informed Lt of unit 6 grievances that have been appealed; plaintiff hadn't recieved any feedback concerning issues over 3 consecutive weeks. Plaintiff also brought up legal cases that were needed to research my civil complaint as well as plaintiffs criminal matters. Lt. OBerry to plaintiff he will see him the next day for further discussions.

⑦ On 4/24/17 Plaintiff brought to officer McColloughs attention that Lt. OBerry would be speaking with plaintiff concerning grievances and other matters. Plaintiff was ultimately told to submit legal requests through unit kiosk Was instructed to get documents or letter from court to give plaintiff any legal cases, law cases, or documents. Lt. OBerry to plaintiff he could not be of anymore assistance.

⑧ On 4/24/17 plaintiff was called to counselor (P Gordon) defendants office in regards to legal calls and jail policy. Upon plaintiffs presence to counselors office plaintiff came in contact with counselor P Gordons supervisor Mrs. Barnwell. Plaintiff discussed with Mrs. Barnwell legal concerns and was told Public Defenders

simply talk to inmates when they have new information. Plaintiff produced return letter from Superior Court, (Chatham County) instructing plaintiff to get legal forms and material from the Administration Office of the Courts from the institution in which inmate is confined. (See letter attachment). Mrs. Barnwell instructed plaintiff she would return the next day.

⑨ On 4/25/17 Supervisor Mrs. Barnwell returned to see Plaintiff in regards to letter sent by inmate to court requesting legal forms. Mrs. Barnwell said she would also deliver plaintiffs letter to CCJ sheriff. The third such time plaintiff had paperwork regarding issue hand delivered. Mrs. Barnwell also stated Public Defenders Office aren't going to accept collect calls from inmates. Mrs. Barnwell also informed plaintiff Melissa S Kohne isn't jail administrator any longer; Mr. Brian Counihan is administrator, as of 4/24/17.

⑩ On 4/21/17 plaintiff recieved a response from P. Gordon saying she called my attorney's office and left a message, which is a form of monitoring correspondence between my attorney-client.

To: Mellisa S. Kohne – Jail Administrator
    John T. Wilcher – Jail Sheriff

From: Corey Q Burke
      (2017020693)



Received
J – C.S.B
3/27/17
10:15 AM

   I'm writing to you in regards to not only
myself but other Chatham County Jail residents. This
is not to be taken as me being a lawyer; a threat,
riot, or demonstration but as a means for Chatham
detainees such as myself to exercise our Constit-
utional and Amendment rights dealing with the First
and Sixth Amendment to communicate diligently and
"effectively" with our paid attorneys and Public Defender
Courts have said that prisoners such as myself
have a First Amendment right to telephone access
subject to reasonable limitations. However, those cases
where Courts have actually found that restrictions on
telephone access violated the Constitution generally
involve pre-trial detainees and emphasize the
effect of the restrictions on attorney-client tele-
phone contact.
   The reason for contacting you directly is to
bring to your attention that myself and other de-
tainees express concerns not really being able to
get information on our criminal cases. Contact with
our attorneys is very limited based on our housing
conditions and policy. Dealing with these conditions
                                          pg 4 ☹

is an impediment because of the denial of access to the courts and other government agencies concerning our incarceration. Based on no law library, limited attorney visits, and limited correspondence these restrictions are costly. Mail service to our attorneys is time consuming and really isn't at all adequate. In cases such as Lynch v Leis, 382 F.3d 642 (6th Cir 2004)" noting that lower court had granted an injunction against a collect-only telephone system where the Public Defender did not accept collect calls); which Savannah Public Defender at this present time does not accept collect or debit calls from Chatham County Jail facility. Some inmates have a constitutional right to call our lawyers but due to jail policy and the telephone provider, its impossible to call, inquire, and/or seek the answers and help we need to attack our criminal cases. Also in case Inmates of Allegheny County Jail v Wecht, 565 F.Supp 1278, 1284 (W.D. Pa 1983)" Detainees must be permitted to make non-collect calls to government agencies and lawyers); also see In re Grimes, 208 Cal. App 3d 1175, 256 Cal. Rptr. 690, 694-95 (Cal. App. 1989)" Noting "collect only" telephone system denied court access; jail directed to install free line to Public Defender's office).

On 3/8/17, I (Corey Q Burke) submitted a greivance in reference to the phone system and not being able to contact our lawyers at the

Pg 4 21

Public Defenders office or paid attorneys. Mr. Paytel responded saying; quoted verbatim

"You need to contact your unit counselor. If the counselor is willing to let you make calls in their office on a regular basis to your lawyer it is not a violation of Allegheny County Jail v Wecht, 565 F. Supp 1278, 1284 (W.D. Pa 1984)"

"That case said, "A reasonable alternative was to be provided for inmates to make non collect calls to such entities as government agencies and Public Defenders office".

"Also, if the jail administrator (Melissa S. Kohne) directs, Paytel can add a lawyer to a free call list. But you must contact the unit counselor or unit Lt. to make that happen."
3/9/17 5:02:17pm

This is as reasonable accommodation to assist inmates in contacting the courts as well as communicating with our attorneys. Please respond back to me as soon as possible.

Sincerely,

Corey Q Burke
(80170206935)

P9 4 P1

To those who agree of changes that accommodate inmates WEEDS.

| Name | Signature |
|------|-----------|
| Stephen Francis | Stephen Francis |
| Kenyatta Mitchell | Kenyatta Mitchell |
| George Jenkins | |
| Loren Kidder | Elizabeth Wood |
| Francis James | Francis James |
| C Tillman | C Tillman |
| Gordon Green | Gordon Green |
| Cory Gibson | Cory Gibson |
| Mychal Jones | Mychal Jones |
| Tim Dillman | Tim Dillman |
| Desmond Williams | Desmond Williams |
| Ikemie Taylor | Ikemie Taylor |
| Lamont Ssmith | Lamont L David |
| Charles Curry | Charles L Curry |
| Charles Williams | Charles Williams |
| Jamie Sorteson | Jamie Sorteson |
| T. Cotton | |
| Johnny Giles | Johnny Giles |
| Tony Capers | Antwine Capers |



# CHATHAM COUNTY SHERIFF'S DEPARTMENT
## CORRECTIONS BUREAU
## INMATE REQUEST FORM

REPORT NUMBER _____ DATE 4/8/17

INMATE'S NAME Corey A Burke LOCATION G A DATE OF BIRTH 5/29/86

DIN P1512298 _____ RECEIVED BY _____

IF YOU WANT TO SEE MORE THAN ONE PERSON, YOU MUST FILL OUT A SEPARATE FORM. BE SPECIFIC WHEN ASKING FOR INFORMATION. IF POSSIBLE, THE STAFF WILL SEND YOU A WRITTEN RESPONSE. MAKE SURE YOU INCLUDE YOUR DATE OF BIRTH, THE NAME UNDER WHICH YOU ARE CURRENTLY BOOKED AND ADDITIONAL INFORMATION (ACCOUNT #, ETC.)

( ) MEDICAL
( ) MENTAL HEALTH
( ) CLASSIFICATION
( ) RECORDS
(✓) LAW LIBRARY
(✓) PROGRAMS
( ) COMMISSARY
(✓) OTHER

EXPLANATION Melissa Kohne Jail admini-strator. In regards to inmates making free legal calls to the public defenders office because they don't accept debit or collect calls from the facility. After, talking to Mr. Paytel he said changes can be made to have a free line installed at Jail admins request.

INMATE'S SIGNATURE _____

RESOLUTION: _____
_____
_____
_____
_____
_____
_____
_____

ADDITIONAL RESOLUTION ATTACHED?  YES ( )   NO ( )

_____
RESPONDING OFFICER'S SIGNATURE            _____
                                          DATE/TIME



①

# CHATHAM COUNTY SHERIFF'S DEPARTMENT
## CORRECTIONS BUREAU
### INMATE REQUEST FORM

REPORT NUMBER _____ DATE 4/18/17

INMATE'S NAME Corey Q Burke LOCATION 6 A DATE OF BIRTH 5/29/86

DIN P1512898 RECEIVED BY _____

IF YOU WANT TO SEE MORE THAN ONE PERSON, YOU MUST FILL OUT A SEPARATE
FORM. BE SPECIFIC WHEN ASKING FOR INFORMATION. IF POSSIBLE, THE STAFF WILL
SEND YOU A WRITTEN RESPONSE. MAKE SURE YOU INCLUDE YOUR DATE OF BIRTH,
THE NAME UNDER WHICH YOU ARE CURRENTLY BOOKED AND ADDITIONAL INFORMA-
TION (ACCOUNT #, ETC.)

( ) MEDICAL
( ) MENTAL HEALTH
( ) CLASSIFICATION
( ) RECORDS
(✓) LAW LIBRARY
(✓) PROGRAMS
( ) COMMISSARY
(✓) OTHER

EXPLANATION To Sheriff John Wilcher in regards to making legal calls to the Public Defenders office because his office doesn't accept debit or collect calls from the facility. After talking to Mr. Paytel he said changes can be made but any changes are up to jail administration to make. Enclosed is a letter explaining.

INMATE'S SIGNATURE _____

RESOLUTION: _____
_____
_____
_____
_____
_____
_____
_____
_____

ADDITIONAL RESOLUTION ATTACHED? YES ( ) NO ( )

_____     _____
RESPONDING OFFICER'S SIGNATURE          DATE/TIME

Pg 4B1

## Institution Confinement

1. Howard R Young Correctional Facility, Wilmington, De
   From August 17, 2016 to August 22, 2016

2. Central Violation of Probation Center, Smyrna, De
   From August 22, 2016 to January 31, 2017

3. James T Vaughn Correctional Facility, Smyrna, De
   From January 31, 2017 to February 13, 2017

4. Chatham County Jail Savannah, Ga
   From February 15, 2017 to Present

# Defendants
## Official Capacities

1. Sheriff-John T Wilcher
   1050 Carl Griffin Drive
   Savannah, Ga 31405
2. Jail Administrator - Melissa S. Kohne
   1050 Carl Griffin Drive
   Savannah, Ga 31405
3. Counselor-P. Gordon
   1050 Carl Griffin Drive
   Savannah, Ga 31405
4. Counselor-B. Lang
   1050 Carl Griffin Drive
   Savannah, Ga 31405
5. Programs/Law Library - B. Kirkland
   1050 Carl Griffin Drive
   Savannah, Ga 31405
6. Policy and Accreditation-T. Freeseman
   1050 Carl Griffin Drive
   Savannah, Ga 31405
7. Commander - Brian Counihan
   1050 Carl Griffin Drive
   Savannah, Ga 31405
8. Board of Commissioners
   124 Bull Street #210
   Savannah, Ga 31405

9. Corporal Rucker – Unit 6
   1050 Carl Griffin Drive
   Savannah, Ga 31405

10. Corporal Conyers – Unit 6
    1050 Carl Griffin Drive
    Savannah, Ga 31405

11. Sergeant Hall – Unit 6
    1050 Carl Griffin Drive
    Savannah, Ga 31405

12. PayTel Communications – Mr. PayTel
    1050 Carl Griffin Drive
    Savannah, Ga 31405

## Witnesses

1. Officer B. McCollough who is a correctional officer employed by Chatham County Jail whose first name is presently ~~own~~ unknown to plaintiff is a material witness to her and plaintiffs discussions concerning (CCJ) policy and denial of legal calls. B. McCollough would have knowledge of plaintiff seeking legal call to Public Defenders Office. 1050 Carl Griffin Drive, Savannah, Ga 31405 is officers work address

2. Lieutenant OBerry who is unit 6 supervisor employed by Chatham County Jail and whose first name is presently unknown to plaintiff is a witness to all facts present in above case concerning legal copies, forms, information, and hand delivered grievance appeal letter to administrator Kohne and Wilcher. Plaintiff corresponded on occasion when Lt. OBerry was available and also discussed legal calls to public defenders office. Witnesses work address is 1050 Carl Griffin Drive, Savannah, Ga 31405

3. Corporal Withem who is a unit 6 shift supervisor at Chatham County Jail who's first name is presently unknown to plaintiff has knowledge of plaintiff trying to obtain legal calls and legal assistance. Work address is 1050 Carl Griffin Drive, Savannah, Ga 31405

4. Officer Bell (male) who is a correctional officer employed by Chatham County Jail has discussed on different occasions (CCS) policy. His first name is presently unknown to plaintiff. Plaintiff has discussed legal calls and legal assistance with officer. Also discussed lack of assistance from (CCS) Counselors. Work address is 1050 Carl Griffin Drive, Savannah, Ga 31405

5. Counselor head Mrs. Barnwell is supervisor of all counselors employed at CCS. Plaintiff has talked about inmate handbook in regards to legal calls and legal assistance and has also stated, "writing is the "ONLY" means of communicating with Public Defenders Office or any other attorney's office or firm. Her first name is presently unknown to plaintiff. Work address is 1050 Carl Griffin Drive, Savannah, Ga 31405

6. Corporal Todd is unit 6 shift supervisor empoyed by Chatham County Jail whose first name is presently unknown to plaintiff, has on different occasions talked to plaintiff about legal calls, how to obtain them and legal assistance. Cpl. Todd is also responsible for providing plaintiff with request forms to

be sent to CCJ administration. His work address is 1050 Carl Griffin Drive, Savannah, Ga 31405

7. All inmates housed in unit 6 and CCJ are all currently aware of deprivations and can corraborate conditions of above complaint.

**14.** List the name and address of every person you believe was a WITNESS to the incident(s) you complain about, BRIEFLY stating what you believe each person knows from having seen or heard what happened. (USE ADDITIONAL SHEETS, IF NECESSARY)

See attachment "Witnesses

**15.** BRIEFLY state exactly what you want the court to do for you. That is, what kind of relief are you seeking in this lawsuit? Do not make any legal arguments and do not cite any cases or statutes! (USE ADDITIONAL SHEETS, IF NECESSARY)

See Full Complaint with Jury Demand/ Relief Requested

**16.** You may attach additional pages if you wish to make any legal argument. However, legal arguments are NOT required in order for you to obtain relief under §1983. If the court desires legal argument from you, it will request it. If any defendant presents a legal argument, you <u>will</u> be afforded an opportunity to respond thereto.

**17.** KEEP IN MIND THAT ONCE YOUR LAWSUIT IS FILED, THE COURT WILL REQUIRE YOU TO <u>DILIGENTLY</u> PROSECUTE IT. That means that you will be required to go forward with your case without delay. Thus, if you fail to adequately prepare your case <u>before</u> you file it, you may find your lawsuit dismissed for failure to prosecute if you take no action once it is filed. YOU WILL RECEIVE NO FURTHER INSTRUCTIONS FROM THE COURT TELLING YOU WHAT TO DO OR HOW TO DO IT! IT IS YOUR RESPONSIBILITY AND YOURS ALONE TO PROSECUTE YOUR OWN CASE! If you fail to prosecute your case, it will be dismissed under Rule 41 of the Federal Rules of Civil Procedure.

Signed this _25_ day of _May_ , 20 _17_ .

_____
PLAINTIFF

P96

CERTIFICATION

I hereby certify that the Plaintiff herein, _Corey Quinn Burke_,

has an average monthly balance for the last twelve (12) months of $ _22.06_ on account at

the _Chatham County Sheriff's Dept._

_____ institution where confined. (If not confined for a full

twelve (12) months, specify the number of months confined. Then compute the average monthly balance

on that number of months.)

I further certify that Plaintiff likewise has the following securities according to the records of said

institution: _N/A_

_____

_____

_____

_S. Lippett_               _4-26-17_
Authorized Officer of Institution        Date

NOTE: Please attach a copy of the prisoner's inmate account of the last 12 months, or the period of incarceration (whichever is less).

5/25/2017

To Clerk.

　　　Enclosed please find a 42 USC 1983 complaint on standard form as well as ~~a hand~~ a hand-written complaint. Enclosed are also cross-referenced ~~exibits~~ exhibits. I'm currently trying to proceed (in forma pauperis) and have unsuccessfully tried getting counsel. I also have no access to County jail law library. 28 USC 1915 (e)(1) provides for appointment of counsel for indigents, as does 28 USC 1915 (a)(1). With no access to law library jail refused to make necessary copies I pray the court will do a one time courtesy to handle my complaint. Also, see Fed. R. Civ. P. 4(c)(3) for appointment of counsel. and 28 USC 1915 (d) for issue and service of process to defendants in complaint.

P.S. Please provide
Copies — necessary
copies please

Respectfully Submitted

Corey Q Burke
P1512298.

Corey Q Burke (PIS12298)
1050 Carl Griffin Drive
Savannah, Ga 31405

United States District
Court For The Middle District
Of Georgia
Southern Division
P O Box 8286
Savannah, Ga 31412

