UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| Corey Quinn Burke<br>(DIN: P1512298) | ) <br> ) <br> ) | Case No.: 4:17-CV-00098 |
| Plaintiffs, | ) | |
| vs. | ) <br> ) | |
| John Wilcher, Melissa Kohne, P. Gordon,<br>B. Lang, individually and in their official<br>Capacities; Brian Counihan, T. Freeseman,<br>Mr. PayTel, and Board of Commissioners,<br>In their official capacities, | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) <br> ) | |

## DEFENDANTS JOHN WILCHER, MELISSA KOHNE, P. GORDON, B. LANG, BRIAN COUNIHAN, AND T. FREESEMAN'S ANSWER TO PLAINTIFFS' COMPLAINT

NOW COMES Defendants, John Wilcher ("Sheriff"), Melissa Kohne, P. Gordon, B. Lang, individually and in their official capacities; Brian Counihan, and T. Freesemann, in their official capacities ("County Defendants") and answers Plaintiff's Complaint, stating as follows:.

## FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted and should therefore be dismissed.

## SECOND DEFENSE

Sheriff and County Defendants have no liability for negligence as Defendants have official and qualified immunity.

## THIRD DEFENSE

Defendants Sheriff and County Defendants at all times acted in good faith without malice and without an intent to cause injury.

## THIRD DEFENSE

Defendants do not control the telephone policies of the Public Defender's office and there is no means by which Defendants control how the Public Defender communications with their clients nor the means they use to protect attorney-client privilege.

## FOURTH DEFENSE

Sheriff Wilcher and Deputy Sheriffs allow all detainees access to write to their attorneys.

## FIFTH DEFENSE

Sheriff has procedures where detainees may make free calls and this Plaintiff was allowed such.

## SIXTH DEFENSE

County Defendants deny that they do not allow detainees the opportunity for legal research and use of the law library. Detainees may request use of the library, which is allowed when time permits, that may vary depending on the demands for use. Further, the majority of the cell units have portable hand-held computers devices for which detainees may perform legal research. However, detainees are required to share the computer devices and the amount of time allowed varies depending on demand for use. Copies requested are made by staff as time permits.

## SEVENTH DEFENSE

The Public Defender's office does not accept collect calls nor are they required to. Further, the Public Defender does not wish to discuss cases with their clients over recorded telephone lines and lose attorney-client privilege. The social workers, time permitting, will allow inmates use of their phones. Also, the Public Defender will accept three-way calls from inmates in cases where a relative will call the Public Defender's office for a three-way call with the inmate. Further, all cell units have a kiosk which may be used to request visits from their Public Defender. All of the Public

Defenders have email addresses and the hand held computer devices in the cell units permit email to the public defender.

## EIGHTH DEFENSE

When unrepresented by counsel in civil cases, detainees are permitted to use the law library, which may have limitations on the number and frequency of use, depending on demand for such services by other detainees.

## NINTH DEFENSE

Some or all of the Plaintiff's claims are barred because no unconstitutional policy, practice, or custom existed on the part of Sheriff or County Defendants.

## TENTH DEFENSE

Plaintiff's claims against Sheriff and County Defendants arising under state law are barred by O.C.G.A. §36-1-4 and Art. I, ¶ II, & IX of the Constitution of the State of Georgia and the doctrines of qualified and official immunity.

## ELEVENTH DEFENSE

Plaintiff's claims against Sheriff and County Defendants, in their official capacities, are barred by the doctrines of Eleventh Amendment immunity.

## TWELFTH DEFENSE

The operation of a sheriff's department is a governmental function for which the Sheriff alone is responsible and thus enjoys immunity from liability.

## THIRTEENTH DEFENSE

Any injuries or damages suffered by the Plaintiff were the result of actions of Plaintiff's failure to follow administrative procedures, and therefore Plaintiff cannot recover from the County Defendants.

## FOURTEENTH DEFENSE

Sheriff and County Defendants deny that Plaintiff was subjected to the deprivation of any rights, privileges or immunities of the constitutional laws of the United States or the State of Georgia.

## FIFTEENTH DEFENSE

Plaintiff cannot recover from Sheriff or County Defendants because no act or omission on their part was the cause in fact or the proximate cause of any alleged injuries or damages Plaintiff may have sustained.

## SIXTEENTH DEFENSE

Sheriff and County Defendants now respond to the numbered paragraphs of Plaintiff's complaint as follows:

1. Defendants admit that this Court has jurisdiction but denies that they have violated Plaintiff's constitutional rights under 42 U.S.C. 1331(a)

2. Upon information and belief, Defendants admit paragraph 2 of Plaintiff's complaint.

3. Defendants admit the allegations contained in paragraph 3 of Plaintiff's complaint.

4. Paragraph 4 of Plaintiff's complaint requires no response as defendant Kirkland has been dismissed as a defendant in this lawsuit. Should a response be required, the allegations are denied as pled.

5. Defendants admit that Wilcher is sheriff of the Chatham County Jail and oversees the functions of the facility and officers. Defendants deny that Sheriff Wilcher is appointed to his position by the Board of Commissioners. The remaining allegations contained in paragraph 5 of Plaintiff's complaint are denied.

6. Defendants admit that Brian Counihan is Commander of personnel at the Chatham County

Detention Center and also performs administrative duties.

7. Defendants admit that Melissa Kohne is an employee at the Chatham County Detention Center but denies the remaining allegations contained in paragraph 7 of Plaintiff's complaint.

8. Defendants admit that Todd Freesemann is an employee of the Chatham County Sheriff's office but denies as pled the remaining allegations contained in paragraph 8 of Plaintiff's complaint.

9. Defendants deny the allegations contained in paragraph 9 of Plaintiff's complaint.

10. Paragraph 10 of Plaintiff's complaint requires no response from these Defendants. Should a response be required, the allegations are denied.

11. Paragraph 11 of Plaintiff's complaint requires no response as defendants Conyers, Rucker and Hall have been dismissed as parties to this lawsuit. Should a response be required, the allegations are denied.

12. Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint. To the extent an answer is required, the allegations are denied as pled.

13. Upon information and belief, Defendants admit the allegations contained in paragraph 13 of Plaintiff's complaint.

14. Defendants deny the allegations contained in paragraph 14 of Plaintiff's complaint.

15. Defendants admit the allegations contained in paragraph 15 of Plaintiff's complaint.

16. Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 16 of Plaintiff's Complaint. To the extent an answer is required, the allegations are denied as pled.

17. Defendants deny that Plaintiff was denied legal assistance. Defendants are without knowledge sufficient to either admit or deny the remaining allegations contained in paragraph 17. To the extent an answer is required, those allegations are denied.

18. Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 18 of Plaintiff's Complaint. To the extent an answer is required, the allegations are denied.

19. The allegations contained in paragraph 19 do not require a response from these Defendants.

20. Defendants are without knowledge as to who Plaintiff requested legal help and information. Defendants deny as pled the allegations contained in Paragraph 20 in that none of the Defendants are required to provide legal help.

21. Defendants deny as pled the allegations contained in paragraph 21 to the extent they pertain to Defendants Sheriff and County Defendants. Kirkland has been dismissed as a defendant to this lawsuit.

22. Paragraph 22 of Plaintiff's complaint requires no response as B. Kirkland has been dismissed as a defendant to this lawsuit. Should a response be required, Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 22 and must therefore deny same.

23. Paragraph 23 of Plaintiffs' complaint requires no response as it is a statement by Plaintiff outlining his personal reasons for why he decided to appeal his grievance decision. To the extent a response is required, Defendants deny as pled the allegations contained therein.

24. Defendants deny as pled the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Paragraph 25 of Plaintiff's complaint requires no response as B. Kirland has been

dismissed as a defendant to this lawsuit. Should a response be required, Defendants deny as pled the allegations contained therein.

26. Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 26 of Plaintiff's Complaint. To the extent an answer is required, the allegations are denied.

27. Defendants deny as pled the allegations contained in paragraph 27 of Plaintiff's complaint.

28. Defendants deny as pled the allegations contained in paragraph 28 of Plaintiff's complaint.

29. Paragraph 29 of Plaintiff's complaint requires no response from these Defendants. To the extent a response is required, Defendants are without knowledge sufficient to either admit or deny whether Plaintiff does or does not know the name of Kirkland's supervisor.

30. Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 30 of Plaintiff's Complaint. To the extent an answer is required, the allegations are denied as pled.

31. Defendants are without knowledge sufficient to either admit or deny whether Plaintiff referred to the inmate handbook in reference to phone calls. Defendants admit the remaining allegations contained therein.

32. Defendants deny as pled the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Upon information and belief, Defendants admit that Gordon responded to a message Plaintiff sent through the unit kiosk. Defendants are without knowledge sufficient to either admit or deny the remaining allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Upon information and belief, Defendants admit that Plaintiff submitted a phone grievance.

Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 35 of Plaintiff's Complaint. To the extent an answer is required, the allegations are denied.

36. Upon information and belief, Defendants admit that a lawyer or public defender's telephone number could be added to a phone list. Defendants are without knowledge sufficient to either admit or deny the remaining allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 37 of Plaintiff's Complaint. To the extent an answer is required, the allegations are denied.

38. Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 38 of Plaintiff's Complaint. To the extent an answer is required, the allegations are denied.

39. Upon information and belief, Defendants admit, upon Plaintiff's representation that he wrote and sent such a letter. Defendants are without knowledge sufficient to either admit or deny whether such letter was received.

40. Upon information and belief, Defendants admit, upon Plaintiff's representation that he wrote and sent such a letter. Defendants are without knowledge sufficient to either admit or deny whether such letter was received.

41. Paragraph 41 of Plaintiff's complaint requires no response as Conyers, Rucker and Hall have been dismissed as defendants to this lawsuit. Should a response be required, Defendants deny as pled the allegations contained in paragraph 41 of Plaintiff's complaint.

42. Defendants are without knowledge sufficient to either admit or deny the allegations

contained in Paragraph 42 of Plaintiff's Complaint. To the extent an answer is required, the allegations are denied.

43. Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 43 of Plaintiff's Complaint. To the extent an answer is required, the allegations are denied.

44. Defendants are without knowledge as to whether it is almost two months since Plaintiff has had contact with his attorney. Defendants deny the remaining allegations contained in paragraph 44 of Plaintiff's complaint.

45. Paragraph 45 does not require a response from these Defendants as Defendant Conyers has been dismissed as a defendant in this lawsuit. Should a response be required, the allegations are denied.

46. Paragraph 46 does not require a response from these Defendants as Defendant Rucker has been dismissed as a defendant in this lawsuit. Should a response be required, the allegations are denied.

47. Paragraph 47 does not require a response from these Defendants as Defendant Hall has been dismissed as a defendant in this lawsuit. Should a response be required, the allegations are denied.

48. Defendants deny the allegations contained in paragraph 48 of Plaintiff's complaint.

49. Paragraph 49 does not require a response from these Defendants as Defendant Hall has been dismissed as a defendant in this lawsuit. Should a response be required, the allegations are denied.

50. Defendants deny the allegations contained in paragraph 50 of Plaintiff's complaint.

51. Defendants deny the allegations contained in paragraph 51 of Plaintiff's complaint.

52. Defendants deny as pled the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Defendants deny as pled the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Defendants admit that Plaintiff complained about not being able to contact his attorney. Defendants are without knowledge sufficient to either admit or deny the remaining allegations contained in Paragraph 54 of Plaintiff's Complaint. To the extent an answer is required, the allegations are denied.

55. The first sentence of paragraph 55 of Plaintiff's complaint requires no response as it is a statement of Plaintiff's feelings. Upon information and belief, Defendants admit that Plaintiff filed an appeal of claims.

56. Defendants deny as pled the allegations contained in paragraph 56 of Plaintiff's complaint.

57. Defendants deny as pled the allegations contained in paragraph 57 of Plaintiff's complaint. Defendants do not provide legal assistance and do not control the public defender's communications with their clients.

58. Defendants deny as pled the allegations contained in paragraph 58 of Plaintiff's complaint.

59. Defendants deny as pled the allegations contained in paragraph 59 of Plaintiff's complaint.

60. Paragraph 60 does not require a response from these Defendants as Defendants Hall, Rucker and Conyers have been dismissed as defendants in this lawsuit. Should a response be required, the allegations are denied.

61. Defendants deny the allegations contained in paragraph 61 of Plaintiff's complaint.

62. Defendants deny the allegations contained in paragraph 62 of Plaintiff's complaint.

63. Defendants deny the allegations contained in paragraph 63 of Plaintiff's complaint.

Defendants show that their responses contained within this answer are based upon all information currently available to Defendants and are interposed in a good faith attempt to

address and respond to all allegations within Plaintiff's Complaint. Accordingly, Defendants reserve all rights to amend, supplement, and explain the responses herein above as this case progresses.

WHEREFORE, Defendants respectfully request the following:

A. That the Court deny each and every relief requested by Plaintiff.

B. That Plaintiff's complaint be dismissed.

This 16th day of August, 2017.

/s/ R. Jonathan Hart
R. JONATHAN HART
State Bar No. 333692
JENNIFER R. BURNS
State Bar No. 330328
ATTORNEYS FOR COUNTY

P. O. Box 8161
Savannah, GA   31412
T: (912) 652-7881
F: (912) 652-7887
Email: rjhart@chathamcounty.org;
jburns@chathamcounty.org

CERTIFICATE OF SERVICE

This is to certify that I have on this day served the below listed parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing.

    Corey Q. Burke
    Chatham County Detention Center
    1050 Carl Griffin Drive
    Savannah, GA 31405

    This 16th day of August, 2017.

                                              /s/ R. Jonathan Hart
                                              Attorney for Defendants

P. O. Box 8161
Savannah, GA 31412
T: (912) 652-7881
F: (912) 652-7887