# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| COREY QUINN BURKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV417-098 |
| | ) | |
| SHERIFF JOHN T. WILCHER, | ) | |
| *et. al.*, | ) | |

# **ORDER**

Defendant Paytel Communications, Inc., erroneously named as "Mr. Paytel" in the Complaint,[1] asks to file its Disclosure Statement under seal. Doc. 24. Paytel contends that, because it is a "closely held" corporation and plaintiff a *pro se* prisoner, its interest "in privacy with respect to individual officers and directors of the company" is greater than the public's interest in access to those names. *Id.* at 2.

Under Local Rule 79.7, "[a]ny person desiring to have any matter placed under seal shall present a motion setting forth the grounds why the matter presented should not be available for public inspection. . . . The burden rests upon the moving party to justify . . . sealing. . . .

---

[1] The Clerk is DIRECTED to update the caption accordingly and all subsequent filings shall so conform.

[Movant] must rebut the presumption of the openness derived from the First Amendment by showing that closure is essential to preserve some higher interest[2] and is narrowly tailored to serve that interest." *United States v. Bradley*, 2007 WL 1703232 at * 3 (S.D. Ga. June 11, 2007) (footnote added). "[G]eneral assertions," however, "are not enough. The party wishing to seal a court record must be specific because permanent sealing (sought here) must be narrow." *Id.*

Paytel's interest is that, as a "closely held corporation," it "desire[s] privacy with respect to individual officers and directors of the company." Doc. 24 at 2. And, Paytel is concerned that plaintiff is unrepresented and an inmate. *Id.* That is all. A "desire for privacy" and a *pro se* plaintiff, however, cannot outweigh[3] the public interest in disclosure of companies with whom a federal judge may have a conflict of

---

[2] Defining what constitutes a "higher interest" furthered by sealing proves difficult, but one court has characterized it as disclosure that would not promote the values associated with public scrutiny of the judicial process. *See United States v. Sattar*, 471 F. Supp. 2d 385, 388 (E.D.N.Y. 2007).

[3] Recall that parties wishing to seal filings "must rebut the presumption of the openness derived from the First Amendment by showing that closure is essential to preserve some *higher* interest and is narrowly tailored to serve that interest." S.D. Ga. L.R. 7.1.1 (emphasis added). Paytel's interests thus must "outweigh" or "exceed" the public's.

interest.[4]  Put differently, Paytel describes a general interest in non-disclosure of its officers and directors and an unsubstantiated concern with plaintiff's self-representation, but fails to explain the weight of its interest vis-à-vis the public's.

That's not enough.  Every party wishing to seal a filing cares deeply about preventing disclosure and many describe their interest in detail.  But only those whose interest is more important than the public's interest in disclosure receive sealing consideration.  Paytel has not shown that its interest rises to that level.  Its motion to seal (doc. 24) therefore is **DENIED**.  Paytel must file, within 7 days of the date this Order is served, an unredacted corporate disclosure statement meeting the requirements of Fed. R. Civ. P. 7.1(a)(1).

---

[4]  Corporate disclosure statements exist "to assist district judges in determining whether they might have a financial interest in a corporate entity that is related to a corporate party in a case before them and therefore requires their recusal." 5 WRIGHT & MILLER, FED. PRAC. & PROC. CIV. § 1197 (3d ed. 2010).  Recusal issues involve "[t]he operations of the courts and the judicial conduct of judges," and thus are "matters of utmost public concern."  *United States v. Bradley*, 2007 WL 1703232 at * 1 (S.D. Ga. June 11, 2007) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)).

**SO ORDERED,** this  14th  day of September, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA