# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

COREY QUINN BURKE,     )
)
     Plaintiff,     )
)
v.     )     CV417-098
)
SHERIFF JOHN T. WILCHER,     )
*et. al.*,     )
)
     Defendants.     )

# ORDER

Plaintiff seeks reconsideration of the Court's orders denying the appointment of counsel, provision of "pens, paper, and copies" by the prison for use in litigating his case, and the return of the original copies of his "complaint, motions, and any other document [he has] submitted to the court." Docs. 32 & 33; *see* docs. 8 & 19. He contends that the prison refuses to provide him access to pens (they are not available from the commissary or the prison library) and copies (there is no means to make copies). Doc. 32. He also contends that this refusal has "impede[d] his right to litigate properly" (*id.* at 3), though the Court

notes no slowdown of filed documents or served discovery.[1]

Defendants are **ORDERED** to respond to plaintiff's motion (doc. 32) within 14 days of service of this Order and address the issue of whether plaintiff has any access to writing utensils and copies. *See Bounds v. Smith*, 430 U.S. 817, 817 (1977) (while the Constitution does not require access to any particular number of pens or sheets of paper, it does require *some*); *Wanninger v. Davenport*, 697 F.2d 992, 994 & n. 1 (11th Cir. 1983) (although there may be "some circumstances in which prison officials might be required to provide photocopying services in order to preserve a prisoner's access to the courts," that right of access "does not include the right of free unlimited access to a copying machine."); *see also* 28 C.F.R. § 543.11(g).[2]

---

[1] "With respect to access-to-court claims . . . a plaintiff first must show actual injury before seeking relief[.]" *Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998). Burke's allegation that his ability to litigate his case has been chilled is belied by his own actions. He alleges that he is completely deprived of access to pens and papers, and yet has been able to submit voluminous filings to the Court (*see* docs. 1, 7, 9, 13, 18, 20, 32, 33 & 34) and propound discovery to various defendants (*see* doc. 33 at 2). Plaintiff is reminded that lying under oath, either live or "on paper," is illegal, *see United States v. Roberts*, 308 F.3d 1147, 1155 (11th Cir. 2002); *see also Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012), and is encouraged to consider withdrawing his motion prior to defendants' response.

[2] 28 C.F.R. § 543.11(g) provides that:

The institution staff shall, upon an inmate's request and at times scheduled by staff, duplicate legal documents if the inmate demonstrates that more than one copy must be submitted to court and that the duplication cannot be

To the extent, however, that Burke again requests copies of things submitted to the Court, he remains free to request and pay for copies of court records. 28 U.S.C. § 1914(b). The cost for reproducing any record or paper is $.50 per page, such fee to be tendered to the Clerk with any request for copies of court files directed to the Clerk of Court. Judicial Conference Schedule of Fees at ¶ 4 (effective Dec. 1, 2016). The Court will not provide him copies of materials that he is able to access and afford on his own.

Finally, plaintiff has not demonstrated exceptional circumstances exist warranting the appointment of counsel. Contrary to Burke's characterization of the case, the facts and issues involved are straightforward -- whether plaintiff is denied access to his public defender by the prison's collect call telephone policy -- and counsel is not needed. *See McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010); *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993). Indeed, Burke's

---

accomplished by use of carbon paper. The inmate shall bear the cost, and the duplication shall be done so as not to interfere with regular institution operations. Staff may waive the cost if the inmate is without funds or if the material to be duplicated is minimal, and the inmate's requests for duplication are not large or excessive.

*See also Miller v. Donald*, 132 F. App'x 270 n. 3 (11th Cir. 2005) (applying 28 C.F.R. § 543.11(g) to Georgia Department of Corrections' jails).

contention that complex discovery and depositions of witnesses and other prisoners will be necessary to substantiate the allegations of the Complaint (doc. 33) is both premature and somewhat far-fetched in light of the straightforward allegations of his greenlit Sixth Amendment claim. *See* doc. 8 (Order greenlighting service of his Complaint & denying his motion to appoint counsel). His motion for reconsideration of the Order denying the appointment of counsel (doc. 33) is **DENIED**.

    **SO ORDERED,** this __5th__ day of October, 2017.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA